IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| BERTHA LOPEZ, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | Division: |
| ) | |
| PRESTIGE FINANCIAL SERVICES, INC. ) | |
| ) | |
| Serve: ) | |
|    Registered Agent Solutions, Inc. ) | |
|    3225-A Emerald Lane ) | |
|    Jefferson City, MO 65109 ) | |
| ) | |
| and ) | |
| ) | |
| GMT AUTO SALES, INC. ) | |
| d/b/a GMT Auto Sales – West ) | |
| ) | |
| Serve: ) | |
|    Glenn M. Travers ) | |
|    225 N. Hwy. 67 ) | |
|    Florissant, MO 63031 ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED PETITION**

**COMES NOW** Plaintiff, Bertha Lopez ("Lopez"), and for her petition against defendants, Prestige Financial Services, Inc. ("Prestige Bank"), and GMT Auto Sales, Inc. d/b/a GMT Auto Sales - West ("GMT"), states and shows the court as follows:

BACKGROUND AND NATURE OF THE CASE

1. This case is an action for damages and other relief arising from a void and fraudulent sale of an automobile from Defendant GMT Auto Sales, Inc. to Ms. Lopez and her family. Ms. Lopez signed a contract to buy the car, which contract was subsequently sold and assigned to Prestige Financial Services, Inc.; however, the sale was void and fraudulent *ab initio*

EXHIBIT 1

as a matter of law, because Defendant GMT failed to provide Ms. Lopez with a proper certificate of title in violation of §301.210 RSMo. and other applicable laws.

## PARTIES

2. Plaintiff, Ms. Lopez, is a natural person and a resident of St. Louis County, Missouri.

3. Defendant Prestige Financial Services, Inc. is a foreign corporation registered to do business in the State of Missouri, and whose principal business consists of purchasing installment sales contracts from car dealers in Missouri and elsewhere and collecting payments of principal and interest from individuals who have purchased automobiles.

4. Defendant GMT is, or was, on information and belief, a domestic corporation registered with the State of Missouri, conducting business as a used car dealership located at 1080 West Terra Ln., O'Fallon, Missouri, 63336.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to Article V, Section 14 of the Missouri Constitution.

6. Venue is proper in this Court, since Plaintiff and Defendants can be found in this county and because part of the events giving rise to this case occurred in St. Louis County, Missouri. Plaintiff was first injured in St. Louis County, Missouri, where her car was illegally repossessed.

## FACTUAL ALLEGATIONS

7. In May, 2019, Ms. Lopez and her husband were contacted by GMT, and specifically by its employee and/or sales agent, Camal Salem, through electronic and digital advertising and solicitations on Facebook, online via the internet, and through text messages.

8. Ms. Lopez and her husband ultimately communicated with Camal Salem via telephone and, on May 18, 2019, also went to the GMT dealership.

9. During GMT's communications and solicitation of plaintiff, through its agent, Camal Salem, GMT represented that Ms. Lopez and her husband would qualify to purchase a vehicle even if they had bad credit or no credit. They discussed the purchase of a particular SUV, photos of which were digitally sent by GMT to Ms. Lopez and her husband.

10. As a result of the foregoing, Ms. Lopez and/or her husband wanted to purchase the SUV they discussed with Camal Salem and, after more discussions, eventually wanted to trade in her family's 2004 "H2" Hummer.

11. On or about May 18, 2019, when arriving at the dealership, GMT advised Ms. Lopez and her husband that the SUV was no longer available because it had been sold, but told Ms. Lopez and her husband it had other vehicles "for which you qualify."

12. Ms. Lopez and her husband signed at least one document that day at the GMT dealership, a Retail Installment Sale Contract ("RISC"), in which they agreed to purchase a 2017 Dodge Durango for about $31,000 (the majority amount of which was financed), plus interest, on the basis that GMT's agent, Camal Salem, told them "you're approved."

13. In response to concerns expressed by Ms. Lopez, GMT's agent, Camal Salem, stated to Ms. Lopez and her husband that if they stayed current on their payments, then the interest rate on the vehicle loan for which they were already approved would drop half a percentage point per year.

14. Ms. Lopez and GMT agreed that she would trade in her H2 Hummer. GMT promised to pay her $4,000 for her vehicle (to be credited toward the purchase price of the Durango) but actually only credited $3,500 on the trade-in. At the time, Ms. Lopez was unaware

3

that her Hummer had a value of nearly $12,000 according to leading independent automobile publications.

15. On or about June 3, 2019, GMT, through its agent, Camal Salem, called Ms. Lopez via telephone and advised her that "the loan fell through" and demanded return of the Dodge Durango.

16. Ms. Lopez advised that she would need her family's Hummer returned so that she could have transportation to get to and from work. In response, Camal Salem stated "that's not possible" because GMT had already sold the Hummer and no longer had possession of it.

17. On or about June 5, 2019, GMT and Prestige Financial Inc. illegally repossessed the Dodge Durango from the parking lot at plaintiff's place of employment, leaving plaintiff without transportation to get home that day, and without transportation in general.

18. In connection with the transaction, GMT charged Ms. Lopez fees for documents, license, and title fees.

19. Neither at the time of the sale on or about May 18, 2019, nor at any time since, did Defendants provide Ms. Lopez or her husband with a title to the vehicle they attempted to purchase, as required by Missouri law.

20. In addition, Ms. Lopez and her family have suffered additional, extensive damages due to the fraudulent and void sale, including receiving traffic citations for driving without license plates (since without the title, they could not obtain a license plate), assessment of personal property taxes, interest, late fees, penalties, all of which she cannot satisfy without the car's title, damage to credit and interest rates, as well as other costs, including the cost of inspections and emissions tests. Ms. Lopez has suffered substantial damages resulting from her and her family's loss of time, inconvenience, embarrassment, betrayal, humiliation, annoyance,

and other such damages, resulting from the void sale and failure to take any proper action to remedy it.

21. The actions of defendants, as described herein, were outrageous because of defendants' evil motive or reckless indifference to Plaintiff's rights and the rights of others such that Plaintiff is entitled to an additional amount as punitive damages in a sum sufficient to punish Defendants and to deter Defendants and others from like conduct.

## COUNT I – FRAUD

COMES NOW, Plaintiff, and for Count I of her Petition against Defendants, states and shows the Court as follows:

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. RSMo. §301.210.4 and other applicable statutes declare that the sale of a motor vehicle without transfer of title is fraudulent.

24. Defendant sold or purported to sell the vehicle to Ms. Lopez and her husband, and did not transfer the title; therefore, the transaction was fraudulent as a matter of law.

25. Defendant represented to Ms. Lopez, that it would agree to pay an amount certain for the trade in vehicle if Ms. Lopez and her husband purchased the Durango.

26. Defendant further represented that the transaction would be legal in all respects and would comply with the laws pertaining to transfer of proper title, that proper title would be transferred and obtained by plaintiff for legal ownership and operation of the Durango, and that proper licensing and registration of the Durango, including required safety inspections, would be had.

Electronically Filed - St Louis County - June 26, 2020 - 05:30 PM

27. Defendant further represented that Ms. Lopez and her husband were approved for financing, and that finance charges (*i.e.*, interest rate) would go down every year if plaintiff and her husband were timely with all of the monthly payments.

28. The above representations were false and were material.

29. Defendants knew they were false and intended that Ms. Lopez rely and act on the representations.

30. Ms. Lopez was ignorant of the truth or falsity of the above representations and did rely on them, and had a right to rely on them.

31. Defendant Prestige Bank, as assignee of the RISC, is subject to all claims and defenses that could have been asserted against GMT; thus, Prestige Bank is derivatively liable for GMT's fraud and other tortious conduct.

32. As a result of the foregoing and reliance on the fraudulent representations, plaintiff and her family suffered harms, losses, and damage including damage to their credit and interest rates, financial anxiety and distress, and other harms and losses that are difficult to quantify such as humiliation and embarrassment, distress, and betrayal.

WHEREFORE, Plaintiff prays for an award of her actual damages, punitive damages in amounts that are fair and reasonable, for an order declaring the contract void and rescinding the transaction, for the costs of this action, and for such other and further relief as this Court deems just and proper.

COUNT II – VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff, and for Count II of her petition against Defendants, states and alleges as follows:

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. The Missouri Merchandising Practices Act §407.010 et seq. RSMo. ("MPA"), prohibits unfair and deceptive acts and practices in the sale of goods and services in Missouri.

35. The sale or purported sale of the Durango by GMT was a sale for purposes of the MPA and the sale was primarily for personal, family, or household purposes.

36. In connection with the void sales transaction, Defendant GMT committed the aforementioned misrepresentations, as well as the following unfair or deceptive acts and practices, for which Defendant Prestige Bank is also liable as assignee of the RISC:

    a. Sale of the motor vehicle without a certificate of title;

    b. Sale of the motor vehicle while misrepresenting the amount of the trade-in value for the Hummer of $4,000.00;

    c. Selling a loan or financing as "approved" when, in fact, it was not approved; and,

    d. Charging fees for useless services that had little or no value, including a fee for "documents" and for "License and title."

37. Defendants further violated the MPA by refusing and continuing to refuse to either tender a proper certificate of title to the Durango or rescind or repudiate the void sale and return the H2 Hummer to plaintiff and her husband.

38. Pursuant to RSMo. 407.025, this Court may award actual damages, punitive damages, equitable relief, attorneys fees, and the costs of this action.

Electronically Filed - St Louis County - June 26, 2020 - 05:30 PM

WHEREFORE, Plaintiff prays the Court declare the purported sale void and rescinded, award plaintiff her actual damages, punitive damages in amounts that are fair and reasonable, her reasonable attorney's fees, and the costs of this action, and such other relief as the Court deems just and proper.

## COUNT III - CONVERSION

39. Plaintiff incorporates by reference all preceding paragraph as though fully set forth herein.

40. As a result of the fraudulent sale transaction and representations above, Defendants unlawfully and without justification converted to their own use and profit plaintiff's H2 Hummer, which Defendants purported to pay Ms. Lopez $4,000.00 for, but which funds instead were wrongfully applied toward a fraudulent and void sale contract. In essence, Ms. Lopez went into the transaction owning a vehicle worth about $12,000.00 and concluded the transaction owning nothing.

WHEREFORE, Ms. Lopez and her family pray this Court award her her actual damages, punitive damages in amounts that are fair and reasonable, for the costs of this action, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Mo. Const. Art. I. §22(a), Plaintiff demands a trial by jury on all issues so triable in this matter.

Respectfully submitted,

**O**NDER**L**AW**, LLC**

By: */s/Matthew P. O'Grady*
Matthew P. O'Grady, #47543
110 E. Lockwood Avenue
St. Louis, MO 63119
(314) 963-9000
(314) 963-1700 (facsimile)
ogrady@onderlaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the court on this 26th day of June 2020 to be served by operation of the court's electronic filing system upon all counsel of record.


/s/ Matthew P. O'Grady